IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

RICHARD EUGENE WARREN,
    Plaintiff,

v.                                    Civil No. 3:23cv719 (DJN)

MAHESH ADITYA, *et al.*,
    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on the Motion to Dismiss the Amended Complaint by Defendants Mahesh Aditya, Santander Consumer Holdings, Bruce Jackson, Eric Laney, Christopher Pfirrman, and Santander Consumer USA Inc. dba Chrysler Capital ("Defendants"), ("Motion," ECF No. 5).  For the foregoing reasons, the Court will GRANT the Motion and DISMISS WITHOUT PREJUDICE Plaintiff's Amended Complaint, (ECF No. 3).

## I.    BACKGROUND

On October 30, 2023, *pro se* Plaintiff Richard Eugene Warren ("Plaintiff") filed his Complaint. (ECF No. 1.)  The next day, Plaintiff filed his Amended Complaint as of right, which became the operative complaint in this case.[1]  (ECF No. 3.)  The Amended Complaint purported to "enter[ ]" a "Default Judgment in Admiralty" and issue "injunctive relief" against Defendants. (*Id.* at 2.)  The Amended Complaint also claimed that "by law," Defendants must

---

[1]    Federal Rule of Civil Procedure 15(a)(1) permits a party to "amend its pleading once as a matter of course no later than (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

"forfeit seizure upon Petitioner'[s] property and person," and threatened to "issue" a "certificate of exigent circumstances" for Defendants' "arrest" if Defendants failed to do so. (*Id.*)

On November 28, 2023, Defendants filed their Motion to Dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) Plaintiff failed to timely respond to Defendants' Motion within the fourteen-day timeframe under Local Rule 7(F)(1), rendering this Motion ripe for review.

## II.   STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint or counterclaim; it does not serve as the means by which a court will resolve factual contests, determine the merits of a claim or address potential defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss, the Court accepts the plaintiff's well-pleaded allegations in the complaint as true and views the facts in the light most favorable to the plaintiff. *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under the Federal Rules of Civil Procedure, a complaint or counterclaim must state facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As the Supreme Court opined in *Twombly*, a complaint or counterclaim must state "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," though the law does not require "detailed factual allegations." *Id.* (citations omitted). Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," rendering the right "plausible on its face" rather than merely "conceivable."

2

*Id.* at 555, 570. Thus, a complaint or counterclaim must assert facts that are more than "merely consistent with" the other party's liability. *Id.* at 557. The facts alleged must be sufficient to "state all the elements of [any] claim[s]." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) and *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, it is well established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). However, courts need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* As the Fourth Circuit explained, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## III.   ANALYSIS

The Court finds that Plaintiff has not pled sufficient factual allegations that, if accepted as true, state a claim for relief. Even bolstered by the deference owed to a *pro se* litigant, Plaintiff has not established a viable cause of action under any federal or state law. In his barebones Amended Complaint, (ECF No. 3), Plaintiff requests a "default judgment in admiralty," but he does not identify either the "property" at issue or the "petition" to which he alleges Defendants have failed to respond. He also does not identify the basis for admiralty jurisdiction or *any* legal basis for the requested relief, instead simply stating that the Amended Complaint concerns "God-given unalienable Rights in the Original Estate Article III; constitution." (ECF No. 3 at 1.) While 28 U.S.C. § 1333(1) provides federal district courts with original jurisdiction over any civil case of admiralty or maritime jurisdiction, Plaintiff wholly fails to establish why the Court

3

possesses jurisdiction over this case.  Nor does Plaintiff even explain how any Defendant allegedly engaged in conduct related to the unidentified property at issue here.

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price–Fleming Int'l Inc.*, 248 F.3d 321, 325–26 (4th Cir. 2001).  Plaintiff clearly fails to meet this bar.  Instead, Plaintiff offers "naked assertions of wrongdoing" devoid of any "factual enhancement," dooming his Amended Complaint. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

## IV.   CONCLUSION

For the reasons set forth above, the Court will GRANT Defendants' Motion (ECF No. 5) and will DISMISS WITHOUT PREJUDICE Plaintiff's Amended Complaint (ECF No. 3) with leave to amend within thirty (30) days of the date of this Order.  If Plaintiff files a Second Amended Complaint within thirty (30) days, the Clerk SHALL reopen the case.

An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record.

_____/s/_____

David J. Novak
United States District Judge

Richmond, Virginia
Dated: December 21, 2023

4